**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JONATHAN R. HILL,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:17cv34-WS/CAS**

**STATE OF FLORIDA, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has filed a second amended civil rights complaint, ECF No. 24, and a "notice of inquiry," ECF No. 25. Plaintiff's second amended complaint has been reviewed as required by 28 U.S.C. § 1915A to determine whether Plaintiff has sufficiently stated a claim against the named Defendants. Additionally, Plaintiff's notice has been reviewed in which Plaintiff requests this case be transferred to a different federal court "to avoid prejudice." ECF No. 25. Plaintiff provides no facts which demonstrate prejudice or support his request for transfer. Thus, Plaintiff's notice, ECF No. 25, construed as a motion for transfer, should be denied. Furthermore, Plaintiff is advised that

in the future, any request for relief or assistance from the Court must be presented in a "motion," properly titled as such. It is not appropriate to request relief by filing a "notice of inquiry."

Review of Plaintiff's second amended complaint reveals that it remains deficient. Plaintiff has named the State of Florida, the City of Tallahassee, Leon County, and Florida Department of Corrections' Secretary Julie Jones as the Defendants. However, Plaintiff alleges no facts pertaining to those Defendants. Instead, Plaintiff complains about the actions and perceived failures of his defense counsel. ECF No. 24.

In the prior Order, Plaintiff was advised that a claim against his defense attorney, Joshua Patrick Brian, is not a viable claim. ECF No. 22. Plaintiff was informed that representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983. ECF No. 22 (citing Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985)). Plaintiff has now omitted listing his defense attorney as a Defendant in this case, but the factual allegations are still about counsel's

actions or inactions. Thus, Plaintiff has not properly alleged a claim against any of the Defendants named in the second amended complaint.

Moreover, even after being cautioned that he could not seek release from prison through the filing of a civil rights case, *see* ECF No. 22, Plaintiff has once again requested as relief that he be immediately discharged from his "continued unlawful detention" and awarded monetary damages. ECF No. 24 at 8. The law is clear that one may not seek either monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "In Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d 383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can

demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)). Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S.Ct. 978, 990, 140 L.Ed.2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).

Here, Plaintiff's complaint makes clear that he is serving a life sentence, *see* ECF No. 24 at 8, and his conviction has not been overturned on appeal. Thus, Plaintiff cannot meet the "favorable termination requirement" for bringing this § 1983 action and the claims should be dismissed because they are barred by Heck.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 24, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), that all pending motions be **DENIED**, and the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 4, 2017.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636.**